UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUAN LIU, | ) |
|           Plaintiff, | ) |
| v. | ) Civil Action No. 19-2301 (ABJ) |
| STEPHENSON DEVELOPMENT, LLC, | ) |
|           Defendant. | ) |

**MEMORANDUM OPINION**

On August 1, 2019, *pro se* plaintiff Quan Liu filed a complaint against Stephenson Development, LLC. Compl. [Dkt. # 1]. The complaint is one page and only states that an unnamed individual "did not pay to live [at] my house. He did not buy my house. He will not leave my house. How do I make him leave?" Compl. at 1. Plaintiff attached a number of documents to the complaint, including a real estate sales contract, an order from the Court of Special Appeals of Maryland, real estate property tax invoices, and more. *Id.* at 2–55. On October 29, 2019, plaintiff provided the Court with an affidavit, averring that he owns property in Maryland, and the property had changed ownership without his consent or knowledge. *See* Aff. of Quan Liu [Dkt. # 2] ("Liu Aff.") ¶¶ 1–6. On November 7, the Court ordered plaintiff to show cause why the Court has subject matter jurisdiction over the action by December 2, 2019. Order [Dkt. # 3]. As of December 13, 2019, plaintiff has not responded.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

1

(1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

The Court generally derives its subject matter jurisdiction from two federal laws, 28 U.S.C. §§ 1331 and 1332. "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citations omitted).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's complaint fails to allege facts to support either diversity of citizenship jurisdiction or federal question jurisdiction.

Currently, the caption of the complaint shows that the parties are all residents of Maryland. *See* Compl. at 1. The diversity statute requires that no two opposing parties on opposing sides of an action may share states of citizenship. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519

U.S. 61, 68 (1996). A plaintiff seeking the exercise of diversity jurisdiction "bears the burden of pleading the citizenship of each and every party to the action." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983). Thus, plaintiff has not alleged facts to establish the existence of diversity jurisdiction.

Furthermore, plaintiff does not currently assert any federal questions. In his affidavit, plaintiff states that he bought a house in Baltimore, and in 2014 and 2015, he paid taxes and other bills on the property. Liu Aff. ¶¶ 1–2. He then stopped receiving any bills, and in 2019, found out that the property had changed ownership. *Id.* ¶¶ 3–6. While plaintiff may have a claim under state property law, he does not raise a claim under federal law.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: December 13, 2019